Case 3:25-cv-01756-X   Document 1   Filed 07/07/25   Page 1 of 14   PageID 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CELLULAR SOUTH, INC. D/B/A C SPIRE, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. _____ |
| v. | ) ) JURY DEMAND |
| C-SPIRE CONSULTING SERVICES PRIVATE LIMITED D/B/A CSPIRE DIGITAL, | ) ) ) ) ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Cellular South, Inc. d/b/a C Spire ("C Spire") files this Complaint against Defendant C-Spire Consulting Services Private Limited d/b/a CSpire Digital ("CSpire Digital") and demands a trial by jury on all issues so triable. In support of its Complaint, C Spire alleges as follows:

## Nature and Basis of Action

1.   This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Texas common law.

## Parties, Jurisdiction, and Venue

2.   C Spire is a Mississippi corporation with its principal place of business at 1018 Highland Colony Pkwy., Ridgeland, MS 39157.

3.   On information and belief, CSpire Digital is a limited company under the laws of India with an address in the United States of 1300 W. Walnut Hill Lane, Suite 155H, Irving, TX

75038. On information and belief, CSpire Digital also has an address in India of 408, Shangrila Plaza, Banjara Hills, Hyderabad, Telagana, India 500034.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over defendant CSpire Digital because CSpire Digital holds itself out as having an office in Irving, Texas. Alternatively, this Court has personal jurisdiction over CSpire Digital because it transacts business in and has engaged in other conduct within Texas such that it has sufficient contacts with Texas, it purposefully avails itself of the privileges and benefits of conducting business in Texas, a substantial part of the events or omissions giving rise to C Spire's claims against CSpire Digital occurred in Texas, and the exercise of jurisdiction over CSpire Digital comports with traditional notions of fair play and substantial justice.

6. CSpire Digital has and continues to "transact business" in Texas such that it was and is required to register with the Texas Secretary of State. TEX. BUS. ORG. CODE § 9.001. CSpire Digital has transacted business in Texas for the following non-exhaustive reasons: (a) CSpire Digital represented that it maintained an office in Irving, Texas[1]; (b) CSpire Digital's CEO represents himself as located in Plano, Texas[2]; (c) CSpire Digital, or three of its employees or personnel, represent that three CSpire Digital employees or personnel live in Texas[3]; and (d) CSpire Digital represents itself as affiliated with the entity "Accurate Consulting Group," who in turn represents that it has the same office that CSpire Digital has represented it maintained in

---

[1] Exhibit 1.
[2] Exhibit 2.
[3] Exhibit 3.

Irving, Texas.[4] *See* TEX. BUS. ORG. CODE § 9.251 (explaining what activities "do *not* constitute transaction of business in [Texas]" (emphasis added)); TEXAS SECRETARY OF STATE, *Foreign or Out-of-State Entities FAQs*: *Is my entity required to register?*, https://www.sos.state.tx.us/corp/foreignfaqs.shtml#required1 (last visited July 1, 2025) ("Generally, a foreign entity *is* transacting business in Texas if it has an office or an employee in Texas or is otherwise pursuing one of its purposes in Texas." (emphasis in original)). Based on a search of the Texas Secretary of State's records, CSpire Digital has not registered to transact business in Texas. Therefore, "[t]he [Texas] [S]ecretary of [S]tate is an agent of [CSpire Digital] for purposes of service of process" because CSpire Digital (a) "fail[ed] to appoint or does not maintain a registered agent in [Texas]" and (b) "transacts business in this state without being registered as required." TEX. BUS. ORG. CODE § 5.251; *see also* FED. R. CIV. P. 4(h)(1)(A).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because CSpire Digital either resides in this District or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### C Spire's Marks

8.      C Spire is a technology and telecommunications company that is the largest privately owned wireless communications company in the United States. Initially focusing on wireless technologies, C Spire has expanded into home fiber and business solutions.

9.      C Spire owns the well-known mark C SPIRE, which it has used continuously and extensively in connection with its services since at least as early as 2011. The C SPIRE mark remains in use nationwide today, including within the state of Texas.

---

[4] Exhibit 4.

3

10. The C SPIRE mark is used in connection with a variety of goods and services, including wireless communication services and products, telecommunications services and products, internet services, cybersecurity services and products, and IT services. Through more than a decade of continuous use, the C SPIRE Mark has become a well-known indicator of source for C Spire's services.

11. In addition to its strong common-law rights, C Spire owns all rights, title, and interest in and to the following federally registered trademarks that contain the mark C SPIRE (the "C SPIRE Marks"):

| Mark | U.S. Reg. # | First Use in Commerce |
|---|---|---|
| C SPIRE | 4797624 | 9/30/2011 |
| C SPIRE | 5349108 | 9/30/2011 |
| cspire (logo) | 4679223 | 9/30/2011 |
| cspire (logo) | 5349109 | 9/30/2011 |
| C SPIRE WIRELESS | 4460790 | 9/30/2011 |
| cspire wireless (logo) | 4660485 | 10/1/2011 |
| C SPIRE FIBER | 4785958 | 7/1/2013 |
| C SPIRE BUSINESS | 5680643 | 10/31/2017 |
| C SPIRE CODING CHALLENGE | 5534692 | 4/30/2017 |

Attached as Exhibit 5 are true and correct copies of the registration certificates for the above registrations. These registrations are conclusive evidence of C Spire's exclusive right to use these marks in connection with the registered goods and services. 15 U.S.C. § 1115(b).

12. Each of the marks referenced herein are distinctive, serving to distinguish the goods and services of C Spire from the goods and services emanating from other providers.

13. C Spire is the owner of the domain name <cspire.com>, which it uses for its primary website. A representative screen shot from C Spire's primary website is shown below, and true and correct screenshots are attached at Exhibit 6 of two pages from this website, which are located at https://www.cspire.com/ and https://www.cspire.com/business/ and show representative offerings of C Spire's products and services.



14. Apart from C Spire's federal registrations, C Spire owns substantial common-law rights in the C SPIRE Marks by virtue of C Spire's substantial and extensive use of the C SPIRE Marks.

**CSpire Digital's Infringing Conduct**

15. On information and belief, CSpire Digital began using <cspiredigital.com> (the "CSpire Digital Domain Name") in or about 2024 for its website (the "CSpire Digital Website") in connection with a technology consulting business. CSpire Digital offered its services on its website under the mark "C-Spire Digital Consulting Services." A true and correct screen shot from the internet archive site "Wayback Machine" showing the use of the domain name in 2024 is shown below:[5]



---

[5] https://web.archive.org/web/20240723055835/https://www.cspiredigital.com/.

16.  C Spire became aware of CSpire Digital's registration and use of the CSpire Digital Domain Name in or about May of 2025.

17.  At that time, CSpire Digital advertised on its website that it had offices located at an address in Irving, Texas. A true and correct screen grab from the CSpire Digital Website showing the contact information as of May 7, 2025 is shown below:



18.  On May 5, 2025, counsel for C Spire sent a letter to CSpire Digital's CEO, Pavan Kakunoori, notifying CSpire Digital that its use of "CSpire" in connection with services similar to C Spire's services was likely to cause confusion. C Spire requested that CSpire Digital stop all use of "CSpire"-related marks. A true and correct copy of the May 5 letter is attached as Exhibit 7.

19.  As of the filing of this Complaint, CSpire Digital has not complied with C Spire's requests.

20.  Upon information and belief, CSpire Digital continues to use the C SPIRE Mark in connection with its services. Attached as Exhibit 8 are true and correct copies of screenshots from

the CSpire Digital Website as of the filing of this Complaint, and a representative screen shot is shown below:



## COUNT I

### Infringement of Registered Trademarks in Violation of 15 U.S.C. § 1114

21.     C Spire realleges and incorporates by reference the allegations of paragraphs 1 through 20 as if fully set forth herein.

22.     CSpire Digital's use of the federally registered C SPIRE Marks in connection with the advertising, promotion, offering for sale, sale, and distribution of services similar to those covered by the C Spire registrations is done without C Spire's authorization, consent, or approval.

23.     CSpire Digital's unauthorized use of the federally registered C SPIRE Marks in connection with these activities constitutes use in commerce of the C SPIRE Marks.

24. CSpire Digital has used the federally registered C SPIRE Marks in connection with advertising, promoting, offering for sale, selling, and distributing services despite knowing the marks are the exclusive property of C Spire.

25. CSpire Digital's activities create the false and misleading impression that it has the approval, consent, or authorization of C Spire to use the federally registered C SPIRE Marks in connection with the advertising, promoting, offering for sale, sale, and distribution of services, when CSpire Digital is not so authorized.

26. CSpire Digital engaged in these activities with the intent to confuse and deceive the public into believing that its services are sponsored by or otherwise affiliated with C Spire.

27. CSpire Digital's use of the federally registered C SPIRE Marks is without the authorization of C Spire, is likely to cause confusion or mistake in the minds of the public, and tends to create a false impression that CSpire Digital is authorized or approved by C Spire when it is not.

28. CSpire Digital's unauthorized use of the federally registered C SPIRE Marks has resulted in CSpire Digital unfairly benefiting from C Spire's intellectual property and goodwill, to the injury of C Spire and the public.

29. CSpire Digital's acts constitute willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

30. CSpire Digital's wrongful acts will continue unless enjoined by the Court. Thus, CSpire Digital must be enjoined and restrained from further infringement of the federally registered C SPIRE Marks.

## COUNT II

### Trademark Infringement in Violation of 15 U.S.C. § 1125

31. C Spire realleges and incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. CSpire Digital's use of the C SPIRE Marks in connection with the advertising, promotion, offering for sale, sale, and distribution of its services is done without C Spire's authorization, consent, or approval.

33. CSpire Digital's unauthorized use of the C SPIRE Marks in connection with these activities constitutes use in commerce of the C SPIRE Marks.

34. CSpire Digital has used the C SPIRE Marks in connection with advertising, promoting, offering for sale, selling, and distributing services despite knowing they are the exclusive property of C Spire.

35. CSpire Digital's activities create the false or misleading impression that it has the approval, consent, or authorization of C Spire to use the C SPIRE Marks in connection with the advertising, promoting, offering for sale, sale, and distribution of services when CSpire Digital is not so authorized.

36. CSpire Digital engaged in these activities with the intent to confuse and deceive the public into believing that it and its services are sponsored by or otherwise affiliated with C Spire.

37. CSpire Digital's use of the C SPIRE Marks is without the authorization of C Spire, is likely to cause confusion or mistake in the minds of the public, and tends to create a false impression that CSpire Digital and its services are authorized or approved by C Spire when they are not.

38. CSpire Digital's unauthorized use of the C SPIRE Marks has resulted in CSpire Digital unfairly benefiting from C Spire's intellectual property and goodwill, to the injury of C Spire and the public.

39. CSpire Digital's acts constitute willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125.

40. CSpire Digital's wrongful acts will continue unless enjoined by the Court. Thus, CSpire Digital must be enjoined and restrained from further infringement of the C SPIRE Marks.

## COUNT III

**Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

41. C Spire realleges and incorporates by reference the allegations of paragraphs 1 through 40 as if fully set forth herein.

42. C Spire's federally registered C SPIRE Marks were well known and distinctive before CSpire Digital's registration and acquisition of the CSpire Digital Domain Name and are entitled to protection under the Lanham Act.

43. CSpire Digital's acts in registering and using the confusingly similar CSpire Digital Domain Name in connection with services that are confusingly similar with C Spire's services, among other acts, demonstrate that CSpire Digital has a bad-faith intent to profit from C SPIRE Marks.

44. CSpire Digital's use of the CSpire Digital Domain Name is likely to cause confusion among consumers.

45. The acts described here are unlawful and in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

46. CSpire Digital has engaged in and continues to engage in these activities knowingly, willfully, and deliberately. This is an exceptional case, which justifies an award of C Spire's reasonable attorney fees and costs.

47. CSpire Digital's use of the CSpire Digital Domain Name, unless enjoined by the Court, will continue to cause C Spire to sustain irreparable harm in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. Such irreparable harm will continue unless CSpire Digital's acts are enjoined during the pendency of this action and thereafter.

48. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), C Spire is entitled to an order transferring the CSpire Digital Domain Name to C Spire.

## COUNT IV

### Trademark Infringement under Texas Common Law

49. C Spire realleges and incorporates by reference the allegations of paragraphs 1 through 48 as if fully set forth herein.

50. CSpire Digital's acts constitute infringement, unfair competition, and deceptive trade practices under the common law of the State of Texas.

## Jury Demand

C Spire demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, C Spire prays for relief as follows:

(a) That judgment be entered in favor of C Spire on its Anticybersquatting Consumer Protection Act claim and against CSpire Digital, finding that CSpire Digital's conduct as described above is in violation of the Anticybersquatting Consumer Protection Act;

(b) That the Court grant a preliminary and permanent injunction ordering CSpire Digital, its officers, agents, and employees, and all persons acting in concert with them, to cease and refrain from using the CSpire Digital Domain Name or any other form or variation of the C SPIRE Marks;

(c) That the Court order the transfer of the CSpire Digital Domain Name as provided in 15 U.S.C. § 1125(d)(2)(D)(i);

(d) That the Court award damages as provided by 15 U.S.C. § 1117(a);

(e) That the Court award damages of an amount up to three (3) times C Spire's damages or CSpire Digital's profits from its infringing activities on account of CSpire Digital's willful, intentional, and bad-faith conduct;

(f) That the Court award C Spire its reasonable attorneys' fees under 15 U.S.C. § 1117;

(g) That the Court enjoin and restrain CSpire Digital from further infringement of the C SPIRE Marks, including (1) by using any of the C SPIRE Marks to identify any services not authorized by C Spire, or (2) by engaging in any course of conduct likely to cause confusion, deception, or mistake, or otherwise harm C Spire's goodwill and reputation or weaken the distinctive quality of the C SPIRE Marks;

(h) That the Court award C Spire interest, including pre-judgment and post-judgment interest, on the foregoing sums;

(i) That all costs be taxed against CSpire Digital; and

(j) That C Spire be granted such other and further relief as the Court deems just and proper.

Dated: July 7, 2025

         Respectfully submitted,

         By: */s/ David C. Miller*
         Jake Gipson (*pro hac vice* forthcoming)
         AL Bar. No. ASB-4448-W03V
         BRADLEY ARANT BOULT CUMMINGS LLP
         One Federal Place
         1819 Fifth Avenue North
         Birmingham, AL 35203
         Phone: (205) 521-8678
         jgipson@bradley.com

         Angela Holt (*pro hac vice* forthcoming)
         AL Bar. No. ASB-2103-A51H
         BRADLEY ARANT BOULT CUMMINGS LLP
         200 Clinton Ave., Suite 900
         Huntsville, AL 35801
         Phone: (256) 517-5170
         aholt@bradley.com

         David C. Miller
         TX Bar No. 24110114
         BRADLEY ARANT BOULT CUMMINGS LLP
         Fountain Place
         1445 Ross Avenue, Suite 3600
         Dallas, TX 75202
         Phone: (214) 257-9800
         dmiller@bradley.com

         *Counsel for Cellular South, Inc. d/b/a C Spire*